Johnnie Louis McALPINE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–145.

Court of Criminal Appeals of Oklahoma.

Jan. 3, 1980.

---

8. *Matter of Chad S., Okl., 580 P.2d 983 (1978).*

Ronald H. Mook, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Duane N. Rasmussen, Asst. Atty. Gen., William Brad Heckenkemper, Legal Intern, for appellee.

BUSSEY, Judge:

Appellant, Johnnie Louis McAlpine, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Osage County, Case No. CRF–77–150, for the offense of Grand Larceny, 21 O.S.1971, § 1701. His punishment was fixed at three (3) years' imprisonment, with two (2) years suspended. A timely appeal from the judgment and sentence, has been perfected to this Court.

At the non-jury trial, the case was submitted on the transcript of the preliminary hearing.

■ Defendant asserts in his first assignment of error that the trial court erred in overruling his motion to quash the arrest as being without a warrant and without probable cause. Defendant argues that at the time the officers stopped his vehicle they lacked probable cause to believe that a felony had been committed and that defendant had committed it. This assignment of error is without merit. Deputy Williams testified that he had personally observed the tanker truck driven by the defendant more than 20 times in the area of previous crude oil thefts. The night in question, he observed the truck and followed it until it turned into an oil lease. Lights, believed to be flashlights, were observed flickering on and off in the area for approximately 45 minutes. The truck and another vehicle then left the oil lease leaking oil on the highway as it went. Both vehicles were subsequently pulled over by the deputy and his backup units. In *Prock v. State,* Okl.Cr., 542 P.2d 522 (1975) we recognized the necessity of permitting officers to temporarily detain persons in certain situations to obtain more information. We stated:

". . . Under appropriate circumstances police officers, in the course of their duty, may approach and question suspicious individuals in order to determine their identity or to maintain status quo momentarily while obtaining more information, even though there are insufficient grounds for arrest. See, *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) and *United States v. Saldana,* 453 F.2d 352 (10th Cir. 1972), and cases cited therein." 542 P.2d at 526.

We thus conclude that, considering the facts and circumstances within the officers' knowledge, they were justified in temporarily detaining the defendant to obtain additional information. In the course of the detention, the officers became aware that a felony had been committed and, as discussed hereafter, received sufficient information to warrant the conclusion that defendant had committed same.

■ Defendant next contends that a search of the truck by the officers was

unlawful in that it was not incident to a lawful arrest. This assignment of error is wholly without merit. As discussed in the preceding assignment of error, the officers' temporary detention of defendant was proper. The defendant was asked for his driver's license and load ticket. He stated that he was hauling salt water. He invited the officers to "crawl up there and look." [Tr. 71]. Deputies opened the top hatch on the tanker and observed what appeared to be crude oil. A deputy returned to the oil lease where he discovered that a gate had been knocked down and a valve on an oil storage tank left open. Approximately 133 barrels of oil, valued at $14.00 per barrel, were later found to be missing from the tank. The deputies looked into the tanker only after defendant invited them to do so. There is nothing in the record to indicate that this invitation to search was the product of duress or coercion, either express or implied. Under such circumstances, the trial court was correct in finding a voluntary consent to search. See *Holmes v. State*, Okl.Cr., 568 P.2d 317 (1977).

Defendant urges in his final assignment of error that the trial court erred in overruling his motion to suppress the evidence and dismiss the case. This contention is predicated upon defendant's first two assignments of error. Inasmuch as we have previously found the first and second assignments of error to be without merit, it necessarily follows that this assignment of error is without merit.

In conclusion we observe that the record is free of any error which would cause reversal or justify modification. The judgment and sentence is accordingly *AFFIRMED.*

CORNISH, P. J., concurs in results.

BRETT, J., concurs.