Coy Dale SOWELL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-80-277.

Court of Criminal Appeals of Oklahoma.

Nov. 7, 1980.

John Michael Johnston and Gary Peterson, Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Timothy S. Frets, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

On appeal from a conviction for Burglary in the Second Degree in LeFlore County Case No. CRF–78–215, wherein punishment was assessed at two years' imprisonment, the appellant, Coy Dale Sowell, hereinafter referred to as defendant presents two assignments of error. Inasmuch as this cause must be reversed we will address only that issue that is determinative of this appeal to wit: the investigatory detention of the defendant was unlawful and in violation of his rights under the Fourth Amendment to the United States Constitution and any evidence gained as a result thereof and incident thereto was inadmissible in his subsequent trial for burglary.

While patrolling the community of Spiro, Oklahoma, Officer Stearl Barham observed a Chevrolet pickup truck at approximately 12:30 a. m. on the date in question. Barham did not recognize the vehicle when he first observed it on the south side of Spiro while making his rounds of the community. Upon seeing the truck a second time, on the opposite side of town, Barham decided to stop the vehicle and investigate, because of the hour, his unfamiliarity with the truck, and his policy of checking out strangers late at night. (Tr. 34) Thereupon, Barham engaged his red light causing the driver of the pickup to pull over. After inquiring of defendant his name and viewing his driver's license, Barham observed several items in the bed of the pickup truck. Defendant allegedly consented to Barham's taking down the serial numbers thereof. It is important to note here, that Barham requested defendant to accompany him to the police station to further checkout defendant's story to which defendant refused. Barham further testified that defendant was not free to leave until he was finished with his "field interview." Receiving a negative report on his inquiry as to whether the items in the pickup were stolen defendant was then allowed to proceed on his way. The next morning, a burglary report was received of a barn located very near to Spiro, Oklahoma, where items taken therefrom were identical to the items Barham had observed the night before in the pickup defendant was driving. The information gained from the "field interview" of defendant caused charges of Burglary in the Second Degree to be filed and said information was used as evidence in defendants subsequent trial upon which the conviction now appealed from was obtained.

The distinction between an investigatory detention and a full arrest is largely a matter of degree. Both involve significant intrusions upon the privacy of the individual, although an investigatory detention which does not result in arrest is of a much shorter duration than an arrest. *Castellano v. State*, Okl.Cr., 585 P.2d 361 (1978). The reasonableness of seizures or detentions that are less intrusive than a traditional arrest, depends on a balance between the public interest and the individuals right to personal security free from arbitrary interference by law officers. Consideration of the constitutionality of such seizures involves a weighing of the gravity of the public concerns served by the seizure, the degree to which the seizure advances public interest and the severity of the interference with individual liberty. *United States v. Brignoni–Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). As stated recently in the United States Supreme Court decision of *Brown v. Texas*, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979):

"[T]he Fourth Amendment requires that a seizure must be based on specific, objective facts indicating that society's legitimate interests require the seizure of the

particular individual, or that the seizure must be carried out pursuant to a plan embodying explicit, neutral limitations on the conduct of individual officers." *Delaware v. Prouse*, supra [440 U.S. 648] at 663, 99 S.Ct. 1391, 59 L.Ed.2d 660. See *United States v. Martinez–Fuerte*, 428 U.S. 543, 558–562 [96 S.Ct. 3074, 3083–85, 49 L.Ed.2d 1116] (1976).

The State attempts to justify the instant case by way of reliance upon this Court's decision in *McAlpine v. State*, Okl.Cr., 604 P.2d 1258 (1980) wherein we again upheld the necessity of permitting police officers to temporarily detain persons in certain situations to obtain more information. However, the stop must be based on objective criteria. In *McAlpine*, a police officer had personally seen the tanker truck driven by the defendant more than twenty (2) times in the area of previous crude oil thefts. On the night of arrest, the police officer followed the truck until it turned onto an oil lease. Flashlights were seen flickering on and off in the area for approximately ¾ of an hour. The truck and one other vehicle left the oil lease leaking oil upon the highway whereupon, the two vehicles were then pulled over and stopped. Under these circumstances the police officer was justified in temporarily detaining the defendant to obtain additional information. Also see *United States v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).

In the instant case, none of the circumstances preceding the Officers detention of defendant and search of the pickup truck which he was driving justified a reasonable suspicion that he was involved in any type of criminal conduct. Officer Barham testified that he was unfamiliar with the vehicle he saw within a span of 30 minutes on opposite sides of the community and on that ground alone decided to conduct a field interview. After stopping the defendant and learning his identity and checking his drivers license Barham continued to detain defendant causing a search of items contained in the bed of the pickup truck. Notwithstanding the fact that defendant apparently consented to such search and to allowing the officer to write down the serial numbers contained thereon, Officer Barham had no right or reason to further detain defendant.

"When a stop is not based on objective criteria, the risk of arbitrary and abusive police practices exceeds tolerable limits." *Brown v. Texas*, supra.

In summing up the actions of Officer Barham it is apparent that he intended to stop and detain the defendant because he "looked suspicious." Stopping, demanding identification and searching the rear of the truck defendant was operating without any specific basis or objective criteria for believing defendant was involved in criminal activity is not allowed under the guarantees of the Fourth Amendment. The reasonableness of the seizure of defendant's person by Officer Barham although it involved only a brief detention and was short of traditional arrest was in violation of the Fourth Amendment. The subsequent search that occurred incident thereto was likewise unlawful and evidence gained as a result thereof should have been suppressed.

For the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be and same is hereby, REVERSED and REMANDED with instructions to DISMISS.

CORNISH, P. J., and BRETT, J., concur.