**Kevin LASATER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–628.**

Court of Criminal Appeals of Oklahoma.

March 16, 1987.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Kevin Lasater, was tried by jury and convicted on two counts of Larceny of Domestic Animals, in Muskogee County District Court, Case No. CRF–82–18. Punishment was assessed respectively at five (5) and three (3) years imprisonment. We affirm.

The evidence presented at trial showed that the appellant and his codefendant, Ted V. Williams, stole seven cows owned by Albert Borum from a pasture owned by the Warner-Borum-Warner ranch. They also stole two cows owned by Ollie Orman from an adjoining pasture which was owned by Warner-Borum-Warner, but leased to Mr. Orman. The two pastures were divided by a fence. The nine cows were all taken the same night.

In his first assignment of error, appellant alleges that hearsay testimony relating to the contents of sheriff's records was improperly admitted by the trial court. Insofar as the appellant failed to object to the allegedly improper testimony by Deputy Smith, this issue has not been properly preserved for review on appeal. *See* 12 O.S. 1981, § 2104(A)(1).

In his second assignment of error, appellant claims that he was improperly charged with two counts of Larceny of Domestic Animals. He asserts that both alleged offenses occurred at the same time and place, and thus constituted a single offense. Appellant and his codefendant were charged with two counts of Larceny of Domestic Animals under 21 O.S. 1981, § 1716, which provides in pertinent part:

Any person in this state who shall steal any horse, jackass, jennet, mule, cow, or hog, shall be guilty of a felony ... The word 'horse' as used in this act, shall include all animals of the equine species and the word 'cow' shall include all animals of bovine species.

The word "steal" as used in Section 1716 includes all the elements of larceny as that offense existed at common law. *Stanley v. State*, 61 Okl.Cr. 382, 69 P.2d 398 (1937) (court syllabus). At common law, these elements included the taking and carrying away of the property of another with the felonious intent to deprive him thereof, and to appropriate the same to one's own use. *Sherfield v. State*, 96 Okl.Cr. 223, 252 P.2d 165, 169 (1952). The phrase "property of another" is defined as "one who has lawful possession as against the rights of a taker, without regard to ownership." *See* OUJI–Criminal, No. 598 (1981); *Davidson v. State*, 330 P.2d 607 (Okl.Cr.1958). The trial court properly instructed the jury that the elements of the crime of Larceny of Domestic Animals were as follows: (1) trespassory, (2) taking, (3) carrying away, (4) domestic animals, (5) of another, (6) with the intent to steal.

The record shows that the cows stolen in the instant case were stolen from two different owners and were removed from two adjoining pastures which were separated by a fence. While it is true that the cows were collected into a single corral where they were subsequently loaded, the crime of larceny was completed when the appellants removed Ollie Orman's cows from one pasture and moved them into the corral. A separate larceny occurred when Albert Borum's cattle were removed from the other pasture and placed into the same corral. Although the crimes occurred in rapid succession, the cows could not have been taken from the separate pastures at the exact same time, and we find that the taking of each victim's property was a separate and distinct offense. *See Clay v. State*, 593 P.2d 509, 510 (Okl.Cr.1979). *See also Hall v. State*, 66 So.2d 863, 864 (Fla. 1953), *cert. denied*, 346 U.S. 931, 74 S.Ct. 321, 98 L.Ed. 422 (1954).

Finally, appellant claims that the trial court erred in ordering the sentences to be served consecutively. We cannot say that the trial court abused its discretion in ordering the sentences to be served consecutively. *See Glass v. State*, 701 P.2d 765, 770 (Okl.Cr.1985).

Accordingly, for the foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT and BUSSEY, JJ., concur.