Ted V. WILLIAMS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–627.

Court of Criminal Appeals of Oklahoma.

April 29, 1987.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. Leblanc, Asst. Atty. Gen., Oklahoma City, for appellee.

PARKS, Judge:

The appellant, Ted V. Williams, was tried by jury and convicted in Muskogee County District Court, Case No. CRF–82–18, of two counts of Larceny of Domestic Animals in violation of 21 O.S.1981, § 1716. The jury recommended punishment respectively at five (5) and three (3) years imprisonment. The trial court ordered the sentence on the second count to be suspended, but served consecutively with the sentence in count one. We affirm.

The facts of this case are set forth in *Lasater v. State,* 734 P.2d 317 (Okl.Cr. 1987), wherein this Court affirmed the conviction of the codefendant who was also sentenced to five (5) years on count one and a three (3) year suspended sentence on count two.

I.

In his first assignment of error, appellant claims that insufficient evidence was presented to support this conviction. Due process requires us to determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *See Spuehler*

*v. State,* 709 P.2d 202, 203–04 (Okl.Cr. 1985). The appellant and his codefendant were arrested in the possession of nine cows which were later determined to be stolen. The State presented evidence from the scene of the theft that two men were involved in taking the cattle, and that the theft had occurred within hours of the appellant's arrest. The evidence revealed that appellant assisted his codefendant in borrowing the cattle trailer subsequently used to transport the stolen cattle. We conclude that the requirements of *Spuehler* have been met. Thus, this assignment of error is without merit.

### II.

It is unnecessary to address appellant's second assignment of error based on the admission of hearsay testimony, as we have previously held that this issue was not properly preserved by a timely objection. *See Lasater v. State,* 734 P.2d 317 (Okl.Cr. 1987).

### III.

■ Next, appellant claims that he was denied effective assistance of counsel because defense counsel engaged in joint representation of appellant and his codefendant Lasater. Joint representation of codefendants is not a per se violation of the Sixth Amendment right to counsel guarantee. *See Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). Prejudice is presumed only where the trial court fails to conduct an inquiry after a timely conflict objection has been made. *Id.* at 488, 98 S.Ct. at 1181. The record does not reflect that either counsel or appellant objected to the joint representation. Thus, "a defendant who raised no objection at trial must demonstrate an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980).

■ Appellant urges that he suffered prejudice when defense counsel failed to object to the admission of statements made by Lasater upon arrest, and when counsel failed to move for a severance. We fail to see how appellant could have been prejudiced by the admission of Lasater's statement at the time of his arrest that the cows belonged to Lasater's stepfather. Lasater's statements did not directly inculpate appellant in any criminal activity. The matter of a severance is within the sound discretion of the trial court, whose ruling will not be disturbed on appeal absent a showing of a clear abuse of discretion resulting in prejudice. *Master v. State,* 702 P.2d 375, 378 (Okl.Cr.1985). We find that appellant has not only failed to establish an actual conflict of interest which adversely affected his counsel's performance, but he has also failed to establish a deficient performance which resulted in prejudice to his defense. *Strickland v. Washington,* 446 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, this assignment of error is without merit.

### IV.

In his fourth assignment of error, appellant complains that he was prejudiced by the admission of hearsay testimony by Deputy Smith to the effect that there were no sale barns in Okemah on the day of the arrest as claimed by Lasater. We must reject appellant's contention in the absence of a timely objection and a showing of a deprivation of a substantial right. *See* 12 O.S.1981, § 2104(A)(1).

### V.

Appellant's remaining assignments of error were discussed in our decision in *Lasater v. State,* 734 P.2d 317 (Okl.Cr.1987), and are rejected for the reasons stated therein.

Accordingly, for all of the foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT and BUSSEY, JJ., concur.