Charles Edward DEAN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–704.

Court of Criminal Appeals of Oklahoma.

Nov. 9, 1988.

**1356**

Allen D. Gray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Charles Edward Dean, appellant, was tried by jury and convicted of Assault and Battery With a Dangerous Weapon (21 O.S. 1981, § 645) (Counts I, II, III), Assault With a Dangerous Weapon (21 O.S.1981, § 645) (Counts IV, V), and Larceny of Merchandise From a Retailer (21 O.S.1981, § 1731) (Count VI), After Former Conviction of a Felony (21 O.S.1981, § 51(A)), in Case No. CRF–85–1750, in the District Court of Oklahoma County, the Honorable Jack R. Parr, District Judge, presiding. The jury assessed punishment at imprisonment for seventy-five (75) years (Counts I, II, III), eighty-five (85) years (Count IV), fifty (50) years (Count V), and four (4) years (Count VI). Judgments and Sentences were imposed in accordance with the jury's verdict, the sentences to run consecutively. We affirm.

At 6:45 p.m. on April 2, 1985, an Oklahoma City Safeway employee saw appellant walk out of the store carrying ten to twelve cartons of cigarettes under his arms. The cigarettes were not bagged, contrary to store policy. An employee followed appellant outside and asked to see a receipt. Appellant dropped the cigarettes, pulled a knife and slashed at the employee's throat. Appellant turned, ran at another employee and stabbed him in the chest. A husband, wife and their five-year-old daughter walked from the store towards their car. Appellant jumped on the husband's back and stabbed him twice in the chest, slashed the mother's side and tried to cut the five-year-old girl. Appellant picked up some of the cartons of cigarettes and walked to his apartment behind the Safeway store. At least two of the customers followed appellant to his apartment and identified him to the police, who arrested appellant outside his apartment. The officers recovered the stolen cigarettes after appellant consented to a warrantless search.

For his first two assignments of error, appellant asserts the trial court erred by overruling his demurrer to the evidence for larceny of merchandise from a retailer (count VI) and for assault with a dangerous weapon (count IV). Appellant argues the State failed to establish the store's

ownership of the cigarettes and their value, and failed to establish he tried to stab the five-year-old child.

"A demurrer to the evidence is a motion for a directed verdict which admits for the sake of argument the facts which the State's evidence tends to prove. If there is any competent evidence reasonably supporting the allegations for the charge, the demurrer should be overruled." *Strube v. State*, 739 P.2d 1013, 1017 (Okla.Crim.App. 1987).

 Ownership of property may be established as being in the person in whose possession it was at the time of the larceny. *Crawford v. State*, 35 Okl.Cr. 135, 248 P. 880, 881 (1926). Here, three witnesses testified they saw appellant carry two armloads of cigarettes from the store, which had not been bagged in accordance with store policy, and he refused to produce a receipt for the merchandise. The assistant store manager established the value of the cigarettes at $9.49 per carton. The State proved by direct evidence that appellant took "merchandise" from a "mercantile establishment" and the taking was "wrongful." *See* 22 O.S.1981, § 1341(2)(3)(4). We find the State amply established ownership by Safeway of the merchandise and its value.

 As to appellant's contention the State failed to establish that he attempted to stab the child, while some of the testimony was conflicting, a customer testified: "[Appellant] run across the parking lot and grabbed Mr. Matta from the back and stabbed him twice, turned and stabbed his wife, and *then tried to stab at his little girl.*" (Tr. at 92) (emphasis added).

We find the evidence reasonably supported the allegations for Counts IV and VI and the trial court did not err by overruling appellant's demurrer to the evidence. This assignment is meritless.

 For his third assignment of error, appellant contends the State introduced "other crime" evidence in violation of *Burks v. State*, 594 P.2d 771 (Okla.Crim. App.1979). Appellant argues count six of the information—larceny of merchandise

from a retailer—constituted "other crime" evidence. We cannot accept this as a good faith argument. *Burks* protects against introduction of "other offenses not connected with that for which one is on trial...." *Id.* at 772. Here, larceny was not another crime in the sense of *Burks* but was one of the offenses charged. Moreover, *Burks* does not apply to offenses "which are actually a part of the res gestae of the crime charged...." *Id.* at 774. Had the State elected not to charge appellant with larceny, this evidence would still have been admissible as part of the *res gestae* of the offense. This assignment is patently frivolous.

 For his fourth assignment of error, appellant argues his sentence is excessive. Appellant stipulated at trial to having one former felony conviction. The State enhanced punishment under 21 O.S.1981, § 51(A), which imposes a minimum sentence of ten years imprisonment for conviction of a felony after former conviction of one felony. The statute does not provide for a maximum sentence but leaves that determination to the trier of fact. *See Mornes v. State*, 755 P.2d 91, 95 (Okla. Crim.App.1988). After reviewing the facts and circumstances of this case, we cannot find the sentence imposed shocks the conscience of the Court. *Id.* Nor does the fact that the sentences are to be served consecutively shock the conscience of the Court, requiring modification of the sentence. *Miller v. State*, 751 P.2d 733, 739 (Okla.Crim.App.1988). This assignment of error is without merit.

For his final assignment of error, appellant contends the cumulative effect of error requires reversal. Where there is no individual error, there can be no error by accumulation. *Mornes*, 755 P.2d at 95.

Accordingly, appellant's judgments and sentences should be, and hereby are, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.