HUDSON, JUDGE:
*953 ¶1 On June 23, 2017, Myratia Cooper (hereinafter "Appellee") was charged in the District Court of Pittsburg County, Case No. CF-2017-482, with one count of Larceny of Domestic Animal. Appellee was bound over at preliminary hearing on this count. Appellee thereafter filed a motion to dismiss alleging that 21 O.S.Supp.2016, § 1716(B), the statute upon which this charge was based, was unconstitutional because it was duplicative of parallel statutory provisions declaring dogs as personal property subject to the general prohibition against larceny of personal property. 21 O.S.2011, §§ 1717 -18. Appellee argued that Section 1716(B) was unconstitutional because "the crime for which the Defendant has been charged is vague and impossible for the ordinary person to understand the penalty [that] he or she may face or the level of proof that is required to convict."
¶2 The State filed a responsive pleading opposing the motion to dismiss and a hearing was held on the matter November 1, 2017. At the conclusion of this hearing, the Honorable Tim Mills, Associate District Judge, granted the motion to dismiss, finding Section 1716(B) unconstitutional. Judge Mills then ordered the case stricken from the upcoming jury trial docket, formally dismissed the case and exonerated Appellee's bond.
¶3 Appellant, the State of Oklahoma, now appeals.[1] We exercise jurisdiction pursuant to 22 O.S.2011, § 1053.1 which provides for an automatic appeal of judgments holding statutes unconstitutional in criminal cases. For the reasons discussed herein, we reverse the district court's ruling, reinstate Appellee's case and remand for trial. See State v. Johnson , 1992 OK CR 72, ¶¶ 3-5, 877 P.2d 1136, 1142-43 (opinion on rehearing).
BACKGROUND
¶4 The State's evidence at preliminary hearing showed that on June 21, 2017, Appellee stole a registered miniature Aussie female puppy from the back of a flatbed truck parked in front of the McAlester tag agency. Kassandra Scott, the dog's owner, had tied the dog to the back of the truck frame using a leash. The dog was in the shade and secured to the back of the truck, which had a horse trailer attached, when Scott went inside the tag agency to conduct her business.
¶5 When she returned, Scott discovered her dog was gone. Only the dog's unlatched *954 leash remained. Scott estimated being inside the tag agency for only five or six minutes. Scott testified that she did not give anyone permission to take the animal and that the dog was not able to unlatch the leash on its own. The dog was valuable: Scott purchased the animal for $900.00 but an area breeder had recently offered $1,500.00 for the dog.
¶6 Video footage from the tag agency's surveillance camera showed a woman getting out of a truck, crawling onto the flatbed and taking Scott's dog. Jeremy Busby, a master patrolman with the McAlester Police Department, viewed the video surveillance and received information about the location of the suspect's truck. Officer Busby proceeded to that location and, a few minutes after arriving, observed Appellee exiting her residence with the dog in tow.
¶7 When Officer Busby pulled alongside Appellee on the street, she began rapidly (and loudly) telling him that the dog had been abused. Officer Busby, however, observed no signs of abuse and returned the dog to Scott. Appellee later contacted the McAlester Police Department and complained about the dog's alleged abuse. This occurred roughly twenty-four (24) hours after Appellee took the dog.
ANALYSIS
¶8 The district court dismissed the Larceny of Domestic Animal charge against Appellee based upon its view that Title 21 O.S.Supp.2016, § 1716(B), the statute supporting the charge, conflicted with 21 O.S.2011, §§ 1717 and 1718. This ruling was premised upon defense counsel's argument that this conflict rendered Section 1716(B) unconstitutionally vague. Defense counsel argued-and the district court agreed-that these statutes could not co-exist without causing confusion concerning which penalty Appellee may face or the crime which she must defend against, thus resulting in a constitutional violation.
¶9 A challenge to the constitutionality of a statute is a question of law we review de novo . Weeks v. State , 2015 OK CR 16, ¶ 16, 362 P.3d 650, 654. In the present case, the district court's ruling was premised on the view that Section 1716(B) and Sections 1717 - 1718 proscribe the same conduct. The district court's interpretation of these statutes was wrong as a matter of law. See State v. Gilchrist, 2017 OK CR 25, ¶ 14, 422 P.3d 182, 185 (matters of statutory interpretation are reviewed de novo ).
¶10 To summarize, Oklahoma law contemplates two separate and distinct ways to prosecute the theft of a dog, i.e., either as a general larceny crime under §§ 1701, 1717 and 1718 or as a larceny of domestic animal charge under § 1716(B). The district court erroneously proceeded in this case as though the larceny of domestic animal statute proscribes essentially the same conduct as the general larceny statutes. Beyond the obvious differences in punishment, cf. 21 O.S.Supp.2016, § 1705 (punishment for grand larceny); 21 O.S.2011, § 1706 (punishment for petit larceny); 21 O.S.Supp.2016, § 1716(B) (punishment for larceny of dog), the two statutory regimes have different origins, proscribe different conduct, have different elements and thus require different proof for conviction. This case presents an issue of statutory interpretation relating to these larceny crimes. When the differences in these larceny crimes are understood, there is no constitutional vagueness problem arising from Appellee's prosecution under Section 1716(B).
¶11 We have held:
Statutes are to be construed to determine the intent of the Legislature, reconciling provisions, rendering them consistent and giving intelligent effect to each. Statutes are to be construed according to the plain and ordinary meaning of their language. When interpreting statutory provisions, our paramount concern is to give effect to the Legislature's intention. We consider the plain and ordinary language of a statute, other statutes involving the same or similar subjects, and the natural or absurd consequences of any particular interpretation. We try to reconcile the language of general statutes with more specific statutory provisions, to give effect to each.
Moss v. Okla. Dept. of Corrections , 2016 OK CR 23, ¶ 18, 403 P.3d 379, 383 (internal citations and quotations omitted). Section 1716(B) makes it a crime to "steal any dog, *955 sheep or goat[.]" This provision is part of a specialized larceny statute addressing the theft of domestic animals and implements of husbandry.[2] This crime originated in territorial days to punish professional thieves who stole cattle from large herds-particularly in the western counties-as well as other domestic animals "from the owners thereof with the intent to appropriate the same to their own use." Cox v. Terr. , 1909 OK CR 104, 2 Okl.Cr. 668, 675, 104 P. 378, 381. The general larceny statutes were viewed as inadequate to address this widespread problem and "[t]he legislature deemed this crime of stealing domestic animals a more serious offense than grand larceny." Hughes v. Terr. , 1899 OK 23, ¶ 7, 8 Okla. 28, 56 P. 708, 710. In 2002, the Legislature added dogs to the list of domestic animals subject to the protections of Section 1716. See 21 O.S.Supp.2002, § 1716.
¶12 Under the current version of the statute, the State is not required to prove the value of the property stolen in order to obtain a conviction. Additionally, "[t]he word 'steal' as used in Section 1716 includes all the elements of larceny as that offense existed at common law. " Lasater v. State , 1987 OK CR 46, ¶ 5, 734 P.2d 317, 318 (emphasis added). Thus, "stealing, as here defined, is the wrongful or fraudulent taking and removing of personal property, by trespass, with a felonious intent to deprive the owner thereof, and to convert the same to his, the taker's own use. " Sneed v. State , 1937 OK CR 52, 61 Okl.Cr. 96, 102, 65 P.2d 1245, 1247 (emphasis added). Accord Lasater , 1987 OK CR 46, ¶ 5, 734 P.2d at 318. We have explained that the "intent to steal" element for this crime "encompasses two concepts: intent to deprive the owner permanently; and intent to convert to the taker's own use. " Grissom v. State , 2011 OK CR 3, ¶ 53, 253 P.3d 969, 987-88 (emphasis added).[3]
¶13 Section 1716(B) stands in stark contrast to the general larceny statutes set forth in Title 21. Title 21 O.S.2011, § 1701 defines larceny as "the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof." We have interpreted Section 1701 to require a showing of intent to deprive the owner of the property permanently. See Grissom , 2011 OK CR 3, ¶ 49, 253 P.3d at 987 ; Dean v. State , 1988 OK CR 258, ¶ 5, 764 P.2d 1355, 1357 ; Carson v. State , 1925 OK CR 296, 30 Okl.Cr. 438, 439-40, 236 P. 627, 628 ; Dickson v. State , 1924 OK CR 316, 28 Okl.Cr. 378, 379-80, 231 P. 315 ; OUJI-CR (2d) 5-93 (2003 Supp).
¶14 The general larceny crime is also divided into grand larceny and petit larceny depending upon the value of the property taken and whether it was taken from the person of another. 21 O.S.2011, § 1703 (larceny is divided into two degrees: grand larceny and petit larceny); 21 O.S.Supp.2016, § 1704 (grand larceny is larceny committed when the value of the property taken exceeds $1,000.00 or when such property, although not of value exceeding $1,000.00 is taken from the person of another; larceny in all other cases is petit larceny).
¶15 Title 21 O.S.2011, § 1717 further provides that "All animals of the dog kind, whether male or female, shall be considered the personal property of the owner thereof, for all purposes." Title 21 O.S.2011, § 1718 states that:
The taking of personal property of the kind defined in Section 1717 of this title, accomplished by fraud or stealth, and with the intent to deprive another thereof, is hereby defined as larceny and punishable in the same manner and to the same degree as in larceny of other descriptions of property .
Id . (emphasis added). In other words, the theft of a dog may be prosecuted under the general larceny statute, i.e., Section 1701, as larceny of personal property.
¶16 So what's the difference between prosecuting the theft of a dog under the general *956 larceny statute as opposed to a prosecution initiated under the larceny of domestic animal statute? Our case law provides the answer. We have recognized that the general larceny statute contained in Section 1701 gives the word "larceny" a much broader meaning than at common law. This distinguishes the general larceny crime from the requirements for larceny of domestic animal set forth in Section 1716 which largely mirror the common law definition of larceny:
"[T]he Legislature has modified the [common law] meaning of the word 'larceny' as used in [ Section 1701 ], so that the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof, is larceny, regardless of whether or not it was taken for the purpose of ... converting it to the use of the taker. Therefore while stealing and larceny at common law were synonymous terms, our statute has given to the word "larceny" a much broader meaning than it then had; while "steal" or "stealing" has not been defined by our statutes, and must be construed according to its common-law meaning.
Sneed , 61 Okl.Cr. at 102, 65 P.2d at 1247-48 (emphasis added).
¶17 Thus, to support a conviction under Section 1716, "it is necessary to allege and prove the ownership of the animal stolen, and a felonious intent on the part of the taker to deprive the owner thereof and to convert the same to his, the taker's, own use ." Taylor v. State , 1952 OK CR 15, 95 Okl.Cr. 98, 111, 240 P.2d 803, 817 (emphasis added). Consistent with this interpretation, we have held that the elements of the crime of Larceny of Domestic Animals are 1) trespassory; 2) taking; 3) carrying away; 4) domestic animals; 5) of another; 6) with the intent to steal . Lasater , 1987 OK CR 46, ¶ 5, 734 P.2d at 318 (emphasis added).[4] The general crime of larceny, by contrast, refers to the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof permanently, regardless of whether or not it was taken for the purpose of converting it to the use of the taker . This interpretation is consistent with the maxim that "[t]he legislature is presumed not to do a vain act[,]" Johnson , 1992 OK CR 72, ¶ 3, 877 P.2d at 1142 (opinion on rehearing), and with the rules of statutory construction discussed earlier. When these provisions are construed in this manner, "they are in perfect harmony[.]" Sneed , 61 Okl.Cr. at 102, 65 P.2d at 1247-48.
¶18 To summarize, Larceny of Domestic Animals as defined by 21 O.S.2011, § 1716 is a separate and distinct crime from the general crime of Larceny set forth in Section 1701, et seq . The requirements for *957 each crime are well-established in our case law interpreting the statutory language for both crimes. "A statute is not unconstitutionally vague if reasonable people would know their conduct is at risk." Weeks , 2015 OK CR 16, ¶ 18, 362 P.3d at 655. In the present case, we easily find that 21 O.S.2011, § 1716 gives fair notice of the proscribed activity such that the public would know what conduct is prohibited. The statute is thus not unconstitutionally vague. See Turner v. State , 1976 OK CR 108, ¶ 12, 549 P.2d 1346, 1350 (holding that Section 1716 is not unconstitutionally vague); Mooney v. State , 1973 OK CR 450, ¶ 9, 516 P.2d 1364, 1367 (same). Appellee failed to meet her burden to prove the statute is unconstitutional. See Weeks , 2015 OK CR 16, ¶ 17, 362 P.3d at 654.
¶19 At most, Appellee's constitutional challenge implicates the State's authority to select which charge is filed against her. Appellee ignores, however, that the State has broad discretion regarding which crime to charge. Childress v. State , 2000 OK CR 10, ¶ 18, 1 P.3d 1006, 1011 ("The decision regarding which criminal charge to bring lies within the wide parameters of prosecutorial discretion."). The Supreme Court has held that "when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." United States v. Batchelder , 442 U.S. 114, 123-24, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979). This is so even where the prosecutor is influenced in his or her charging decision by the penalties available upon conviction. Id. , 442 U.S. at 125, 99 S.Ct. at 2205. Accord State v. Haworth , 2012 OK CR 12, ¶¶ 13-15, 283 P.3d 311, 316-17. Appellee has not alleged the type of discriminatory purpose or intent from the charging decision that would allow us to set aside on constitutional grounds the charge presented here. The district court thus erred when it granted Appellee's motion to dismiss the case.
DECISION
¶20 For the above and foregoing reasons, we hold that 21 O.S.2011, § 1716 is constitutional and that the district court erred in sustaining Appellee's motion to dismiss. Accordingly, we REVERSE the district court's ruling, REINSTATE Appellee's case and REMAND for trial. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2018), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
LUMPKIN, P.J.: SPECIALLY CONCUR
LEWIS, V.P.J.: CONCUR IN RESULTS
KUEHN, J.: SPECIALLY CONCUR
ROWLAND, J.: SPECIALLY CONCUR
LUMPKIN, PRESIDING JUDGE: SPECIALLY CONCURRING
¶1 I concur but write separately to further explain aspects of the analyses set forth in the opinion.
¶2 I compliment my colleague for going the extra mile and dissecting the provisions of each of our larceny statutes. However, as I have set forth before, the U.S. Supreme Court has set out the preference to analyze constitutionality claims not facially but as applied.
¶3 This Court reviews constitutional challenges to the face of a statute under a de novo standard of review. Weeks v. State , 2015 OK CR 16, ¶ 16, 362 P.3d 650, 654 (performing de novo review where statute challenged on its face as opposed to an as applied challenge). However, "[f]acial challenges are disfavored." Washington State Grange v. Washington State Republican Party , 552 U.S. 442, 450, 128 S.Ct. 1184, 1191, 170 L.Ed.2d 151 (2008). Instead, the preference is to employ an as-applied analysis. Ayotte v. Planned Parenthood of N. New England , 546 U.S. 320, 328-29, 126 S.Ct. 961, 967, 163 L.Ed.2d 812 (2006) ("[T]he 'normal rule' is that 'partial, rather than facial, invalidation is the required course,' such that a 'statute may ... be declared invalid to the extent that it reaches too far, but otherwise left intact.' ") (quoting Brockett v. Spokane Arcades, Inc ., 472 U.S. 491, 504, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985) ).
¶4 The opinion identifies the true issue in this case and that is prosecutorial discretion in the election of which statute to use as a *958 basis for a criminal charge. The Oklahoma Legislature recognized and provided for the reconciliation of these types of decisions when it enacted 21 O.S. 2011, § 11 which allows only one charge when an act which can be prosecuted in optional ways is only allowed to be charged once. Merely having optional ways to file a charge does not impact the constitutionality of the statute.

The State is represented in this appeal by the Pittsburg County District Attorney's Office. On September 4, 2018, the Attorney General of Oklahoma filed an amicus curiae brief in support of the District Attorney's arguments in this case. However, Appellee failed to file a response brief with this Court in accordance with our Rules. See Rules 1.2(A)(3)(c) and 3.4(C), Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2018). Several months after Appellee's brief was due we directed Appellee, through her counsel, to file an answer brief in this appeal within twenty (20) days of the date of our Order. See Order Directing Appellee To File Answer Brief And Notice To Attorney General Of Constitutional Challenge To Statute In This Case , No. S-2017-1150 (Okl. Cr., Lumpkin, P.J., Jul. 13, 2018) (unpublished). Instead of complying with this directive, Appellee's counsel filed a response brief that was again untimely and that did not substantially comply with our Rules for the formatting of appellate briefs. We ordered Appellee's response brief stricken, found that Appellee had waived her right to file a response brief and directed the case be submitted for decision. See Order Striking Brief of Appellee , No. S-2017-1150, (Okl.Cr., Aug. 15, 2018) (unpublished).

Title 21 O.S.Supp.2016, § 1716(A) makes it a crime to "steal any horse, jackass, jennet, mule, cow, hog or implement of husbandry as defined in Section 1-125 of Title 47[.]"

This portion of Grissom addressed the elements for the crime of Larceny of Automobile (21 O.S.2001, § 1720 ) which, like Larceny of Domestic Animals and Larceny of Domestic Fowls (21 O.S.2011, § 1719 ), uses the word "steal" as part of its statutory definition.

Oddly, the uniform jury instruction committee recently eliminated the first element, i.e., "trespassory," from the definition of Larceny of Domestic Animals. See In re: Adoption of the 2014 Revisions to the Oklahoma Uniform Jury Instructions-Criminal (Second Edition) , 2014 OK CR 15, --- P.3d ----. The committee comments state that "[t]he distinction between stealing and larceny was eliminated by 21 O.S.2011, § 1730, which provides that they mean the same thing, and therefore, the element of 'trespassory' has been deleted from" the uniform instruction for Larceny of Domestic Animals. OUJI-CR (2d) 5-100, Committee Comments (2015 Supp.). Title 21 O.S. § 1730 was enacted in 1967 and, by its express terms, applies only to the crimes set forth in 21 O.S. § 1727 (Entering With the Intent to Steal Copper ) and 21 O.S. § 1728 (Possession, Receiving or Transporting Stolen Copper ). See Oklahoma Session Laws 1967, S.B. 388, ch. 105, §§ 1, 2, & 4, emerg. eff. April 24, 1967. Section 1730 thus did not eliminate the distinction between stealing and larceny with respect to Section 1716 as discussed above. Indeed, the Comments to the current uniform instruction for Section 1727 recognize this fact, stating that: "the word 'steal' as used in Section 1727 is defined as larceny under Sections 1701 and 1704 ; 'steal' does not have the meaning in Section 1727 that it has under Sections 1716, 1719, and 1720." OUJI-CR (2d) 5-105, Committee Comments.
Although we have held that the word "steal" ordinarily needs no explanation in jury instructions, we have specifically approved of the following definitional explanation of this term: "Where the word 'steal' is used it means to take and carry away the property of another with the felonious intent to deprive the owner thereof, and to appropriate the same to one's own use." Darnell v. State , 1962 OK CR 23, ¶ 17, 369 P.2d 470, 473-74. OUJI-CR (2d) 5-106, by contrast, defines "Intent to Steal" as: "Purpose forever to deny the person in rightful possession of the use or value of property." This particular definition is not consistent with our holding today concerning the crime of Larceny of Domestic Animals but is consistent for use with the larceny crimes contained in Section 1727 and Section 1728.