**Larry Don EVANS, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. M–75–350.**

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1976.

Gillespie, Perry & Gentry by William E. Gentry, Hobart, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

MEMORANDUM OPINION

BUSSEY, Judge.

Appellant, Larry Don Evans, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Caddo County, Case No. CRM–74–681, for the offense of Attempting to Elude a Police Officer, in violation of 21 O.S.1971, § 540A. The jury fixed his punishment at ninety (90) days' imprisonment in the county jail and a fine of One Thousand Dollars ($1,000.00), and from said judgment and sentence an appeal has been perfected to this Court.

As this case requires reversal, a statement of the facts adduced upon trial is unnecessary. We need only observe that the testimony of the two witnesses for the State was in direct conflict with that of the defendant and the cumulative testimony of other witnesses appearing in his behalf, and that the verdict of the jury was not unanimous.

In his brief the defendant presents several assignments of error, however, we shall discuss only that assignment necessitating a new trial of this case. In his third assignment of error the defendant contends

that the prosecuting attorney made improper and prejudicial remarks during closing argument which singularly or cumulatively constitute reversible error. This assignment of error is predicated upon some eight assertedly improper and prejudicial remarks, but as to many of these comments the defendant failed to properly preserve any error for review on appeal and others were not improper or prejudicial. However, the trial court overruled the defendant's objection and request for admonishment made immediately after the prosecutor terminated his closing argument as follows:

"Instructions also state that any five of you may return a verdict, it does not have to unanimous; that's what it says. But I don't think that five . . six reasonable people sitting there are going to have to reduce their number to five, to find this defendant guilty of what he is charged with. The offense, the Officers testified to it, it's there and they have no reason to lie about this, none. On the other hand, you've got the defendant himself, and you've got his sister, his girl friend, and his sister's roommate. And *I think you'll return a verdict of guilty, because that's what I believe he is."* (Tr. 80, Emphasis added)

The prosecutor here interjected his personal opinion as to the guilt of the accused without clearly indicating that his opinion was based upon the evidence presented. The prejudicial effect of this comment was emphasized by earlier argument that the jury must decide who to believe and "somebody in this case has got to be lying" (Tr. 69), and "I am just telling you that there's not any doubt in my mind that this defendant is guilty" (Tr. 70), although no objection was there interposed and these prior statements were not fundamentally prejudicial in the context then presented. In other cases the prejudicial effect of such a comment may be outweighed by the sufficiency of the evidence, however, under the facts and circumstances here presented we are of the opinion that this is

not such a case. See, *Gossett v. State,* Okl.Cr., 373 P.2d 285 (1962), and *Sisk v. State,* Okl.Cr., 487 P.2d 1003 (1971).

For the above and foregoing reasons the judgment and sentence appealed from is, accordingly, *reversed and remanded for a new trial.*

BRETT, P. J., and BLISS, J., concur.