A.O. v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:A.O. v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 A.O. v. STATE
2019 OK CR 18
Case Number: J-2018-1066
Decided: 08/08/2019
A.O., Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2019 OK CR 18, __ __

 

 

O P I N I O N

LEWIS, PRESIDING JUDGE:

¶1 On December 7, 2017, Appellant, A.O., was charged as a juvenile with Sexual Battery, in violation of 21 O.S.Supp.2017, § 1123(B), in McIntosh County District Court Case No. JDL-2017-29.[1] On February 26, 2018, an Amended Delinquent Petition was filed charging A.O. as a juvenile with Child Sexual Abuse, in violation of 21 O.S.Supp.2014, § 843.5(E). A non-jury trial was completed on September 25, 2018, and the Honorable David Martin, Special Judge, entered an order adjudicating A.O. a delinquent child pursuant to 10A O.S.Supp.2014, § 2-2-402. A.O. appeals from this order pursuant to 10A O.S.2011, § 2-2-601. On appeal, A.O. raises the following issues:

1. A.O. WAS NEVER INFORMED OF HIS STATUTORY RIGHT TO A JURY TRIAL. THEREFORE, HIS DUE PROCESS RIGHTS WERE VIOLATED WHEN HE WAS ADJUDICATED AT A BENCH TRIAL.

2. THE TEXT, STRUCTURE, AND PURPOSE OF 21 O.S.SUPP.2014, § 843.5(E) INDICATES THAT ONE CHILD TOUCHING ANOTHER CHILD'S BUTTOCKS OVER HER JEANS IS NOT THE TYPE OF CONDUCT THAT THE LEGISLATURE INTENDED TO CRIMINALIZE AS "CHILD SEXUAL ABUSE."

3. A PROSECUTOR CANNOT GIVE HIS OPINION AS TO THE GUILT OF THE ACCUSED. THEREFORE, A.O.'S DUE PROCESS RIGHTS WERE VIOLATED WHEN THE PROSECUTOR EXPRESSED HIS OPINION AS TO ONE OF THE ELEMENTS OF THE OFFENSE.

¶2 Pursuant to Rule 11.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2019), this appeal was automatically assigned to the Accelerated Docket of this Court. Oral argument was held January 17, 2019, pursuant to Rule 11.2(E). At the conclusion of oral argument, the Court took its decision under advisement. After a review of the record before this Court and hearing oral argument, we find the record does not support A.O.'s Propositions I and III but pursuant to Proposition II, A.O. is entitled to relief.

¶3 The District Court order adjudicating A.O. delinquent for Child Sexual Abuse, in violation of 21 O.S.Supp.2014, § 843.5(E), is REVERSED. This matter is REMANDED to the District Court of McIntosh County for entry of an order MODIFYING A.O.'s adjudication order to reflect that A.O. is adjudicated delinquent for one count of Assault and Battery, in violation of 21 O.S.Supp.2014, § 644, and as so modified, the adjudication is AFFIRMED.

¶4 In his first proposition, A.O. argues reversal of his adjudication is required because the record is silent regarding whether he was informed of, or waived, his right to a jury trial. See 10A O.S.2011, § 2-2-401. This Court recently addressed this issue in G.W. v. State and eliminated the requirement that a waiver of the right to a jury trial be made affirmatively in the record. 2018 OK CR 36, ¶ 9, 433 P.3d 1283, 1286. Regardless, the record in this case is clear that A.O. and his guardian were both informed of his right to a jury trial and the right was waived.[2] Proposition I is without merit.

¶5 A.O. maintains in Proposition III that he is entitled to relief because the prosecutor allegedly stated his opinion during the non-jury trial that A.O. was guilty. The prosecutor's comment A.O. complains of in this proposition occurred during the State's argument in response to A.O.'s demur to the evidence.[3] A.O. complains of the State's following statement: "And, I mean, again I'm from the Country, but to me that's expressing lust or lewdness." (emphasis added).

¶6 A.O. relies on Evans v. State and United States v. Young to support his argument that a prosecutor expressing his opinion that the evidence presented established an element of the crime in this case is plain error and requires reversal. See United States v. Young, 470 U.S. 1, 18--19, 105 S. Ct 1038, 1048, 84 L. Ed. 2d 1, 14 (1985); Evans v. State, 1976 OK CR 38, ¶ 3, 546 P.2d 284, 285. The objectionable comments made in both Evans and Young were made by prosecutors to a jury during closing remarks. In this case the comments were made by the State in a non-jury trial during its response to A.O.'s demur. Both Evans and Young indicate that the effect of a prosecutor's allegedly prejudicial comment may be outweighed by the sufficiency of the evidence. Young, 470 U.S. at 18--19; Evans, 1976 OK CR 38, ¶ 3. The evidence in this case was more than sufficient to overcome any concern that Judge Martin's ruling was prejudiced by this remark. It is also important, according to both cases, that the State's comment "but to me that's expressing lust or lewdness" is clearly relying and commenting on the evidence (victim's testimony) presented at this non-jury trial. This comment did not deprive A.O. of a fair trial. See Patton v. State, 1998 OK CR 66, ¶ 126, 973 P.2d 270, 302. A.O.'s third proposition is without merit.

¶7 In Proposition II, A.O. objects to the trial court's failure to require the State to prove the elements of the underlying acts constituting Child Sexual Abuse. Appellant argues the State was not required to prove the correct elements.[4] A.O. was tried for one count of Child Sexual Abuse, in violation of 21 O.S.Supp.2014, § 843.5(E). Section 843.5(E) defines "Child Sexual Abuse" as "willful or malicious sexual abuse, which includes but is not limited to rape, incest, and lewd or indecent acts or proposals, of a child under eighteen (18) years of age by another." Appellee acknowledges that A.O.'s crimes in this case are lewd acts that would normally be prosecuted pursuant to 21 O.S.Supp.2017, § 1123, but for the age limitations found in Section 1123. Section 1123(A) requires an accused to be three years older than the victim of the lewd acts and Section 1123(B) only applies to victims of sexual battery that are sixteen years or older. 21 O.S.Supp.2017, § 1123(A), (B). According to A.O., the Oklahoma Legislature did not intend Section 843.5(E) to allow prosecutors to circumvent the age restrictions found in Section 1123. We agree.

¶8 Judge Martin erred when he did not require the State to prove each element of the underlying crime, including the age requirements, in addition to the elements of 21 O.S.Supp.2014, § 843.5(E). As a result, the trial court was able to find A.O. guilty of Child Sexual Abuse without properly considering the elements of the underlying lewd acts. A.O. was originally charged with Sexual Battery pursuant to Section 1123(B). By its own admission, the State only pursued adjudication pursuant to Section 843.5(E) after determining it was unable to prove the necessary elements of Subsections A or B of Section 1123 due to A.O.'s and the victim's ages.

¶9 We find that in order to convict an individual pursuant to 21 O.S.Supp.2014, § 843.5(E) the State must prove the elements of the underlying crime beyond a reasonable doubt. To find otherwise would chance rendering Section 843.5(E) unconstitutional for over-breadth and vagueness. Papachristou v. City of Jacksonville, 405 U.S. 156, 162, 92 S. Ct. 839, 843, 31 L. Ed. 2d 110 (1972) (a person of ordinary intelligence must have fair notice what conduct is forbidden by a statute); Switzer v. City of Tulsa, 1979 OK CR 73, ¶ 4, 598 P.2d 247, 248.

¶10 In Huskey v. State, 1999 OK CR 3, 989 P.2d 1, this Court considered whether the trial court erred by failing to instruct on all of the elements of the underlying sexual abuse crime of Lewd Molestation.[5] The trial court created its own jury instruction in Huskey. It gave an instruction that included the standard OUJI instruction elements for Child Sexual Abuse and for Lewd Molestation, except that the elements of Lewd Molestation were modified by removing one element.[6] On appeal Huskey argued that the trial court erred when it did not instruct on each element of the underlying crime of Lewd Molestation pursuant to 21 O.S.1991, § 1123(A). This Court denied Huskey's claim determining it was not necessary in a Child Sexual Abuse case to give an instruction including, nor to prove, every element of the underlying crime of Lewd Molestation. Huskey, 1999 OK CR 3, ¶¶ 8--10. To the extent it is inconsistent with this opinion, Huskey is overruled.

¶11 The evidence in this case is uncontroverted that A.O. touched the victim without permission. "A battery is any willful and unlawful use of force or violence upon the person of another." 21 O.S.2011, § 642. While the evidence is insufficient to support an adjudication for Child Sexual Abuse, the evidence is more than sufficient to support an adjudication for simple battery. Id. 

DECISION

¶12 It is therefore the order of this Court that the McIntosh County District Court order adjudicating A.O. delinquent for Child Sexual Abuse, in violation of 21 O.S.Supp.2014, § 843.5(E), is REVERSED. This matter is REMANDED to the District Court of McIntosh County for entry of an order modifying A.O.'s adjudication order. The adjudication order shall be MODIFIED to reflect that A.O. is adjudicated delinquent for one count of Assault and Battery, in violation of 21 O.S.2011, § 644. As so modified, the adjudication is AFFIRMED. The child is REMANDED to the jurisdiction of the District Court of McIntosh County for the entry of a disposition order. 10A O.S.Supp.2018, § 2-2-501; 10A O.S.2011, § 2-2-601. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2019), the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF MCINTOSH COUNTY, 
THE HONORABLE DAVID MARTIN, SPECIAL JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 CINDY M. DAWSON
 ATTORNEY AT LAW
 205 W. FOLEY ST.
 P.O. BOX 1352
 EUFAULA, OK 74432
 COUNSEL FOR A.O.
 
 
 DANNY JOSEPH
 APPELLATE DEFENSE COUNSEL
 P. O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR A.O.
 
 
 
 
 R. SCOTT FERGUSON
 ATTORNEY AT LAW
 533 W. BROADWAY
 MUSKOGEE, OK 74401
 COUNSEL FOR A.O.
 
 
 DAVID K. PIERCE
 MCINTOSH COUNTY ASST. DISTRICT ATTORNEY
 110 N. 1st ST.
 EUFAULA, OK 74432
 COUNSEL FOR THE STATE
 
 
 
 
 DAVID K. PIERCE
 MCINTOSH COUNTY ASST. DISTRICT ATTORNEY
 110 N. 1ST ST.
 EUFAULA, OK 74432
 COUNSEL FOR THE STATE
 
 
  
 
 
 

OPINION BY: LEWIS, P.J.
KUEHN, V.P.J.: Dissent
LUMPKIN, J.: Specially Concur
HUDSON, J.: Specially Concur
ROWLAND, J.: Concur

FOOTNOTES

[1] A.O. was born December 26, 2002. He was 14 years, 10 months, and 9 days old at the time of this incident. The victim was 13 years, 11 months, and 3 days old on the date of this incident.

[2] A.O. and his guardian were informed of his right to a jury trial and waived this right in a hearing held on February 27, 2018. The February 27, 2018, hearing was unable to be transcribed and the State requested a hearing to memorialize the parties' recollections of what occurred. A hearing was held on December 18, 2018, and A.O.'s trial counsel testified A.O. was informed of his right to a jury trial, in the presence of his guardian, and that A.O. was adamant he did not want a jury trial. According to A.O.'s trial counsel A.O. specifically directed trial counsel to set this case for non-jury trial. The transcript of the December 18, 2018, hearing is more than sufficient pursuant to G.W. v. State. 2018 OK CR 36, ¶ 7.

[3] The comment appears at page 46 of the June 19, 2018, non-jury trial transcript.

[4] Trial courts are required to use the uniform jury instructions unless the trial court determines that they do not accurately state the law based on statutory changes or intervening case law. See Order Adopting Amendments to Uniform Jury Instructions -- Criminal, No. CCAD-96-2 (Okl.Cr. April 4, 1996); Bosse v. State, 2017 OK CR 10, ¶ 61, 400 P.3d 834, 856; 12 O.S.2011, § 577.2. Child Sexual Abuse is prohibited by 21 O.S.Supp.2014, § 843.5(E). The Oklahoma Uniform Jury Instruction (OUJI) for Child Sexual Abuse is OUJI-CR 4-39 and in this case would read as follows:

No person may be convicted of the sexual abuse of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person willfully or maliciously engaged in;

Second, lewd or indecent acts;

Third, with a child under the age of eighteen.

The alleged sexual abuse in this case was lewd or indecent acts which are prohibited by Section 1123(A). The OUJI for lewd acts is OUJI-CR 4-129 and in this case would read as follows:

No person may be convicted of lewd acts with a child under sixteen unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, the defendant knowingly and intentionally;

Second, touched or felt;

Third, the body;

Fourth, of a child under sixteen years of age;

Fifth, in any lewd or lascivious manner; and

Sixth, the defendant was at least three years older than the child.

[5] The defendant in Huskey was convicted of Child Sexual Abuse pursuant to 10 O.S.Supp.1995, § 7115. In 2009, HB 2028 recodified the statute prohibiting Child Sexual Abuse as 21 O.S.Supp.2009, § 843.5.

[6] At the time the OUJI for Lewd Molestation included a third element, force, which the trial court chose not to include in the modified instruction it gave the jury.

KUEHN, V.P.J., DISSENTING:

¶1 In Proposition II, the Majority is unwilling to face the consequences of the elements of child sexual abuse as prohibited by 21 O.S. § 843.5(E), its relation to other sex offenses, and the instructions which must be used. I would construe § 843.5(E) as written, find it unconstitutional, and reverse.

¶2 Appellant was charged with and convicted of child sexual abuse in violation of 21 O.S.Supp.2014, § 843.5(E). As I have repeatedly said, that crime is separate and distinct from any other sex offense, and has only three elements: any person who (1) willfully or maliciously engages (2) in sexual abuse (3) of a child under eighteen is guilty of child sexual abuse. 21 O.S.Supp.2014, § 843.5(E); OUJI-CR 2d 4-39. The statutory language creating this crime is clear and unambiguous, and this Court has recognized it as a separate crime, with separate elements, since 1999. Huskey v. State, 1999 OK CR 3, ¶ 9, 989 P.2d 1, 6.

¶3 Of course, the Legislature has both the right and the authority to make having sex with children a crime. It not only should, it has done so, in both § 843.5(E) and in other sex offense statutes. Section 843.5(E) provides: "'child sexual abuse' means the willful or malicious sexual abuse, which includes but is not limited to rape, incest, and lewd or indecent acts or proposals, of a child under eighteen (18) years of age by another." 21 O.S.Supp.2014, § 843.5(E). That is, the language encompasses, but does not incorporate, various acts which may also be criminalized elsewhere in the Penal Code.

¶4 This statute originally was limited to persons responsible for the child victim's welfare. However, when the statutes were renumbered in 2009 the Legislature amended § 843.5(E) to remove that limiting language. With that amendment, the statute applied to every potential defendant, broadening its scope. "When construing a statute that has been amended, we may reasonably infer that the alteration was intended either to effect a change in the existing law, or to clarify an interpretation that may have been in question." Lewis v. City of Oklahoma City, 2016 OK CR 12, ¶ 7, 387 P.3d 899, 902. This amendment, along with the statute's plain language quoted above, suggests that the Legislature intended to expand the crime of child sexual abuse and create a comprehensive crime encompassing all defendants, all possible sexual acts, and all victims aged up to 18. I agree with the Majority that the language in § 843.5(E) is very broad. As written, it includes, without exception, basically any sexual act directed towards or committed upon a child under the age of eighteen -- including the act committed by Appellant here.

¶5 I agree with the Majority that the statutory elements of § 843.5 directly conflict with the age restrictions found in the elements of 21 O.S.Supp.2017, § 1123. I further agree that it is impossible to construe the two statutes together without failing to give intelligent effect to at least part of one statute. However, the Majority's solution -- to require a trial court to instruct on the elements of the underlying crime - renders the entirety of § 843.5(E) null and void. If this Court changes the elements of § 843.5(E) to add elements of other crimes, then we irrevocably alter the elements of § 843.5(E). Where statutes conflict, this Court's duty is to reconcile them, if possible, to give effect to each provision. Moss v. OK Dept. of Corr., 2016 OK CR 23, ¶ 18, 403 P.3d 379, 383; Leftwich v. State, 2015 OK CR 5, ¶ 15, 350 P.3d 149, 155. This is exactly what the Majority fails to do: including elements of every underlying offense, either included in the Information or supported by the evidence, strips § 843.5(E) of all meaning.[1]

 

¶6 We have previously said that we will not, in order to justify a prosecution, enlarge a statute beyond either its fair meaning or a meaning justified by its terms. Leftwich, 2015 OK CR 5, ¶ 15, 350 P.3d at 155; see also McNeely v. State, 2018 OK CR 18, ¶ 3, 422 P.3d 1272, 1274 (Court will not create authority not explicitly granted in statutory language). By the same token, we should not enlarge a statute's language in order to avoid a prosecution. "As there are no common law crimes in this State, this Court is bound by the language the Legislature has placed in our statutes defining crimes." Arganbright v. State, 2014 OK CR 5, ¶ 15, 328 P.3d 1212, 1216. The Majority's decision, requiring instruction on and proof of different elements of other sex crimes in prosecutions under § 843.5(E), is not (as the specially concurring opinion suggests) interpreting the statutes liberally to affect their objects; nor is it choosing from two possible interpretations of existing language. The Majority is rewriting the statute to fit its own conception of the crime, plain and simple, and that is not statutory interpretation.

 

¶7 As I note above, Huskey recognized the statute now codified as § 843.5(E) (then, 10 O.S.Supp.1995, § 7115) as a separate crime. In doing so, Huskey confronted the very question the Majority raises: must a trial court instruct on elements of an underlying sex offense when a defendant is charged with child sexual abuse, and the evidence suggests that sexual abuse falls within the parameters of a separate criminal statute? In Huskey, the Court found such instruction inappropriate. We noted, "[I]f the State must allege and prove the elements of lewd and indecent conduct in order to convict a parent of child abuse under § 7115, why not simply require it to charge the crime under § 1123? The Legislature evidently intended § 7115, child abuse, to be a separate crime encompassing activity already prohibited by other statutes." Huskey, 1999 OK CR 3, ¶ 9, 989 P.2d at 6. Put another way, we recognized that to require instruction on any underlying sex offense made the crime of child sexual abuse "pointless". Id.[2]

 

¶8 The Majority's solution to this dilemma is to overrule Huskey. While this certainly resolves the problem of conflicting case law, it does nothing to resolve the underlying statutory conflict. In the recent past this Court has seen a significant increase in the number of cases presenting issues directly caused by this conflict. Trial courts do not know how to instruct in these cases, and our case-by-case resolutions do not offer guidance. Neither does the Majority's solution here. The plain language of the statute does not require prosecutors to specify an underlying offense in the charging language, and the majority does not suggest that they must. Either § 843.5(E) is a separate crime with its own distinct elements, or it is not. By requiring additional instruction on separate elements of different crimes, the Majority concludes it is not. Yet, the evidence in many child sexual abuse cases includes aspects of more than one underlying sex offense -- for example, one single charge may be proved by evidence of acts including lewd molestation, sexual battery, and forcible oral sodomy. Must the trial court instruct on each element of each of those offenses, even though none were included in the Information charging child sexual abuse under § 834.5(E)? Must jurors find each element of each crime unanimously? What if the evidence shows, overall, that child sexual abuse was clearly committed even though evidence did not show every element of any underlying offense? The Majority's resolution creates more questions than it answers, and perpetuates a problem that can be cleanly and clearly resolved by, for a start, accepting the statute on its face and taking the Legislature at its word.

 

¶9 My colleagues explicitly justify this decision -- to add elements to § 843.5(E) and overrule Huskey -- because they are concerned that, as it stands and taken on its face, § 843.5(E) is so broad as to be unconstitutional. I share that concern. A statute must be so definite that a person of ordinary intelligence can understand what conduct is prohibited, and that it does not encourage arbitrary and discriminatory enforcement. Weeks v. State, 2015 OK CR 16, ¶ 18, 362 P.3d 650, 655. If persons must either guess at a statute's meaning, or differ as to its application, it is void for vagueness. Id. As Justice Gorsuch recently said, "In our constitutional order, a vague law is no law at all. . . . When Congress passes a vague law, the role of courts under our Constitution is not to fashion a new, clearer law to take its place, but to treat the law as a nullity and invite Congress to try again." United States v. Davis, 588 U.S. __, 139 S.Ct. 2319, 2323 (2019).

¶10 As can be seen in this case, § 843.5(E) is so broad that it prohibits as criminal some actions that are not crimes under statutes specifically prohibiting similar behavior. In fact, as both the State and the Majority admit, this prosecution was brought specifically because, given the ages of the parties involved, the offenses of sexual battery and lewd molestation were not crimes as to Appellant. The record shows the prosecutor believed Appellant's acts were sexual in intent and nature. Rather than prosecute Appellant for simple battery, the prosecutor correctly turned to the only available sex offense, child sexual abuse.[3]

 

¶11 The statute conflicts with other statutes as well; most of the sex offense statutes, including lewd molestation, varieties of rape, incest, and forcible oral sodomy, have specific age elements restricting application to victims under the age of sixteen, or fourteen; some include victims under eighteen but require the defendant to be in a particular position of authority or responsibility towards the victim. Some, such as incest, carry significantly less potential prison time. The statute makes no exception for marriages, although minors of sixteen years may marry with parental consent. The very breadth and scope of the statute encourages arbitrary enforcement. District attorneys can choose to prosecute as child sexual abuse actions that simply are not otherwise crimes, or not, depending on the circumstances; district attorneys can also choose to prosecute as child sexual abuse actions that are elsewhere criminalized but at a lesser range of punishment. Depending on the county, or even the whim of individual prosecutors, a person may be punished for the same act with as little as ten years or as much as life in prison. This creates significant uncertainty. Again, quoting Justice Gorsuch, "Vague statutes threaten to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide." Davis, 139 S.Ct. at 2325.

 

¶12 I understand my colleagues' preference to adopt "any fairly possible" reading of § 843.5(E) to avoid having to declare it unconstitutional. Id. at 2332 & n.6 (quotation omitted). However, this Court neither can nor should step outside our role as judges in order to add elements or change elements to § 843.5(E) that were not included or written by the Legislature. Id. at 2324. It is this Court's duty to determine whether § 843.5(E) is too vague under the Constitution -- indeed, where the question is before us, we must do so. The United States Supreme Court has made this clear. For example, Justice Marshall observed,

First, 'a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so fair as possible the line should be clear.' McBoyle v. United States, 283 U.S. 25, 27, 51 S.Ct. 340, 341, 75 L.Ed. 816 (1931) (Holmes, J.). See also United States v. Cardiff, 344 U.S. 174, 73 S.Ct. 189, 97 L.Ed. 200 (1952). Second, because of the seriousness of criminal penalties, and because criminal punishment usually represents the moral condemnation of the community, legislatures and not courts should define criminal activity. This policy embodies 'the instinctive distastes against men languishing in prison unless the lawmaker has clearly said they should.' H. Friendly, Mr. Justice Frankfurter and the Reading of Statutes, in Benchmarks 196, 209 (1967). Thus, where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant.

U.S. v. Bass, 404 U.S. 336, 348, 92 S.Ct. 515, 522-23, 30 L.Ed.2d 488 (1971)(footnote omitted). In a different case Justice Scalia, apparently goaded beyond endurance by the majority's reluctance to declare a problematic statute unconstitutional, said:

We face a Congress that puts forth an ever-increasing volume of laws in general, and of criminal laws in particular. It should be no surprise that as the volume increases, so do the number of imprecise laws. And no surprise that our indulgence of imprecisions that violate the Constitution encourages imprecisions that violate the Constitution. Fuzzy, leave-the-details-to-be-sorted-out-by-the-courts legislation is attractive to the Congressman who wants credit for addressing a national problem but does not have the time (or perhaps the votes) to grapple with the nitty-gritty. In the field of criminal law, at least, it is time to call a halt. I do not think it would be a radical step--indeed, I think it would be highly responsible--to limit ACCA to the named violent crimes. Congress can quickly add what it wishes. Because the majority prefers to let vagueness reign, I respectfully dissent.

Sykes v. U.S., 564 U.S. 1, 35, 131 S.Ct. 2267, 2288, 180 L.Ed.2d 60 (2011) (Scalia, J., Dissenting), overruled by Johnson v. United States, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). Just a few years after Sykes, the Court recognized the truth of Scalia's position and declared the statute at issue unconstitutional.

¶13 We always defer to the Legislature and begin by presuming that any given statute is constitutional. Weeks, 2015 OK CR 16, ¶ 17, 362 P.3d at 654. The Majority appears to start and stop with this presumption, preferring to add language to the statute creating new elements rather than face the constitutional question. However, where a statute fails to tell a citizen that his conduct may be forbidden, or where it encourages arbitrary and erratic enforcement, it is this Court's duty to find it is void for vagueness. Davis, slip op at 1; Papachristou v. City of Jacksonville, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 O.Ed.2d 110 (1972). I would do so here. Because Appellant was convicted under an unconstitutional statute, I would reverse the conviction.

FOOTNOTES

[1] The Majority's solution is even less persuasive in Appellant's case, because Appellant was charged with child sexual abuse, not any underlying crime. The instruction at issue arises from the evidence used to prove the charge, not from anything inherent in the charge itself. Thus, the Majority would require the trial court to instruct on elements of a crime that was not charged in the Information.

[2] Specially concurring, my colleague commends the OUJI Committee for attempting to limit § 843.5(E) by stating, in the Notes on Use accompanying OUJI-CR 2d 4-39, that trial courts "should" instruct separately on the elements of the underlying sexual offense. I note we do not look to either jury instructions or committee notes as legal precedent.

[3] However, the Majority decides the best result in this case is to modify Appellant's conviction to simple assault and battery. I cannot agree with this resolution. The prosecutor knew he could have charged Appellant with assault and battery, but deliberately and correctly chose to charge child sexual abuse because he thought a sex offense was committed. I conclude that the Majority reaches this result because, given its analysis of § 843.5(E), it cannot affirm Appellant's adjudication under that statute, no other sex offense is available, and apparently the Majority is unwilling to reverse.

HUDSON, J., SPECIALLY CONCUR:

¶1 I concur in today's Opinion. I write separately to expand on the Court's holding that to convict an individual of child sexual abuse pursuant to § 843.5(E), the State must prove the elements of the underlying crime beyond a reasonable doubt. See Notes on Use, Inst. No. 4-39, OUJI-CR(2d) ("The trial court should give a separate instruction on the elements of the particular sexual abuse or sexual exploitation that has been alleged."). See also Day v. State, 2013 OK CR 8, ¶ 14, 303 P.3d 291, 298 ("Trial courts should use the uniform jury instructions if they state the applicable law."); Lewis v. State, F-2017-355, slip op. at 8 (Okl.Cr. May 24, 2018) (Hudson, J., Concurring in Results) (not for publication) (deviation from prescribed language of the uniform instructions for Child Sexual Abuse resulted in an omission in the statutorily mandated elements). In reaching this determination, we are mindful that the manner in which we interpret § 843.5(E) can have a ripple effect that may alter or impact the legislatively intended application of other statutory sex crimes. We determine the Legislature's intentions by looking "to each part of the statute, to other statutes upon the same or relative subjects, to the evils and mischiefs to be remedied, and to the natural or absurd consequences of any particular interpretation." State v. Stice, 2012 OK CR 14, ¶ 11, 288 P.3d 247, 250 (quoting Lozoya v. State, 1996 OK CR 55, ¶ 20, 932 P.2d 22, 28) (emphasis added). See also State v. Cooper, 2018 OK CR 40, ¶ 11, 434 P.3d 951, 954.

¶2 In the present case, we are called upon to reconcile § 843.5(E) with 21 O.S.Supp.2017, § 1123, specifically the age restrictions imposed by the Legislature on the crimes of lewd molestation and sexual battery. As acknowledged by the State, the crime of lewd molestation requires the accused be "at least three (3) years older than the victim, except when accomplished by the use of force or fear." 21 O.S.Supp.2017, § 1123(A). Sexual battery mandates that the victim be "sixteen (16) years of age or older[.]" 21 O.S.Supp.2017, § 1123(B). We must presume the Legislature did not embed these age restrictions in vain. State v. Dist. Court of Oklahoma Cty., 2007 OK CR 3, ¶ 17, 154 P.3d 84, 87 ("This Court will not presume the Legislature to have done a vain thing."). Thus, construing the crime of child sexual abuse as a separate and distinct crime from any other sex offense fails to give intelligent effect to each § 843.5(E) and § 1123(A) and (B). Moss v. Okla. Dept. of Corr., 2016 OK CR 23, ¶ 18, 403 P.3d 379, 383 ("Statutes are to be construed to determine the intent of the Legislature, reconciling provisions, rendering them consistent and giving intelligent effect to each.") (emphasis added). Such an interpretation would effectively morph 21 O.S. 843.5(E) into a super-crime, permitting the State to circumvent the Legislature's clear intent and thus risk rendering the statute constitutionally over-broad and void for vagueness. See Saldivar v. State, F-2016-482, slip op. at 7 n.3 (Okl.Cr. May 24, 2018) (not for publication).

¶3 While the dissent recognizes this Court's obligation to defer to the Legislature and begin with the presumption that statutes are constitutional, the dissent neglects our "duty to construe statutes in a manner which does not run afoul of the constitution[,]" and our "duty to liberally construe statutes 'with a view to effect their objects and to promote justice.'" Gonseth v. State, 1994 OK CR 9, ¶ 8, 871 P.2d 51, 54. Moreover--

If two possible interpretations of a statute are possible, only one of which would render it unconstitutional, a court is bound to give the statute an interpretation that will render it constitutional, unless constitutional infirmity is shown beyond a reasonable doubt. A court is bound to accept an interpretation that avoids constitutional doubt as to the legality of a legislative enactment.

Braitsch v. City of Tulsa, 2018 OK 100, ¶ 2, 436 P.3d 14, 17 (internal citations omitted).

¶4 The majority's reconciliation of § 843.5(E) with other statutory sex crimes does not, as the dissent contends, impermissibly "add language to the statute creating new elements." Notably, specific statutory reference to preexisting delineated sex crimes is embedded within § 843.5(E), "which includes but is not limited to rape, incest, and lewd or indecent acts or proposals[.]" 21 O.S.Supp.2014, § 843.5(E). The majority's interpretation of § 843.5(E) rather gives proper credence to the Legislature's intentions by looking to each part of the statute, as well as other statutory sex crimes, and as mandated ultimately gives the statute an interpretation that renders it constitutional.

¶5 The OUJI Committee is to be commended for having the foresight to recognize the potential legal minefield presented in § 843.5(E) and adeptly drafting the needed instructions to ensure the constitutional application of this provision.

¶6 I am authorized to state that Judge Lumpkin joins in this special writing.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 9, 871 P.2d 51, GONSETH v. STATE
Discussed
 1996 OK CR 55, 932 P.2d 22, Lozoya v. State
Discussed
 1979 OK CR 73, 598 P.2d 247, SWITZER v. CITY OF TULSA
Discussed
 2007 OK CR 3, 154 P.3d 84, STATE v. DISTRICT COURT OF OKLAHOMA COUNTY
Discussed
 2012 OK CR 14, 288 P.3d 247, STATE v. STICE
Discussed
 2013 OK CR 8, 303 P.3d 291, DAY v. STATE
Discussed
 2014 OK CR 5, 328 P.3d 1212, ARGANBRIGHT v. STATE
Discussed
 2015 OK CR 5, 350 P.3d 149, LEFTWICH V. STATE
Discussed at Length
 2015 OK CR 16, 362 P.3d 650, WEEKS v. STATE
Discussed at Length
 2016 OK CR 12, 387 P.3d 899, LEWIS v. CITY OF OKLAHOMA CITY
Discussed
 2016 OK CR 23, 403 P.3d 379, MOSS v. OKLAHOMA DEPT. OF CORRECTIONS
Discussed at Length
 2017 OK CR 10, 400 P.3d 834, BOSSE v. STATE
Discussed
 2018 OK CR 18, 422 P.3d 1272, McNEELY v. STATE
Discussed
 2018 OK CR 36, 433 P.3d 1283, G.W. v. STATE
Discussed at Length
 2018 OK CR 40, 434 P.3d 951, STATE v. COOPER
Discussed
 1998 OK CR 66, 973 P.2d 270, 69 OBJ 4283, Patton v. State
Discussed
 1999 OK CR 3, 989 P.2d 1, 70 OBJ 242, Huskey v. State
Discussed at Length
 1976 OK CR 38, 546 P.2d 284, EVANS v. STATE
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2018 OK 100, 436 P.3d 14, BRAITSCH v. CITY OF TULSA
Discussed
Title 10. Children
 Cite
Name
Level

 10 O.S. 7115, Renumbered as 21 O.S. § 843.5 by Laws 2009, HB 2028, c. 233, § 207, emerg. eff. May 21, 2009
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 577.2, Use of Instructions - Requests - Copies
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 843.5, Abuse, Neglect, Exploitation, or Sexual Abuse of Child - Penalties
Discussed at Length
 21 O.S. 642, Definition of Battery
Cited
 21 O.S. 644, Punishment for Assault and Battery
Discussed
 21 O.S. 1123, Lewd or Indecent Proposals or Acts to Child Under 16
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA