LEWIS, PRESIDING JUDGE:
*1180 ¶1 On December 7, 2017, Appellant, A.O., was charged as a juvenile with Sexual Battery, in violation of 21 O.S.Supp.2017, § 1123(B), in McIntosh County District Court Case No. JDL-2017-29.[1] On February 26, 2018, an Amended Delinquent Petition was filed charging A.O. as a juvenile with Child Sexual Abuse, in violation of 21 O.S.Supp.2014, § 843.5(E). A non-jury trial was completed on September 25, 2018, and the Honorable David Martin, Special Judge, entered an order adjudicating A.O. a delinquent child pursuant to 10A O.S.Supp.2014, § 2-2-402. A.O. appeals from this order pursuant to 10A O.S.2011, § 2-2-601. On appeal, A.O. raises the following issues:
1. A.O. WAS NEVER INFORMED OF HIS STATUTORY RIGHT TO A JURY TRIAL. THEREFORE, HIS DUE PROCESS RIGHTS WERE VIOLATED WHEN HE WAS ADJUDICATED AT A BENCH TRIAL.
2. THE TEXT, STRUCTURE, AND PURPOSE OF 21 O.S.SUPP.2014, § 843.5(E) INDICATES THAT ONE CHILD TOUCHING ANOTHER CHILD'S BUTTOCKS OVER HER JEANS IS NOT THE TYPE OF CONDUCT THAT THE LEGISLATURE INTENDED TO CRIMINALIZE AS "CHILD SEXUAL ABUSE."
3. A PROSECUTOR CANNOT GIVE HIS OPINION AS TO THE GUILT OF THE ACCUSED. THEREFORE, A.O.'S DUE PROCESS RIGHTS WERE VIOLATED WHEN THE PROSECUTOR EXPRESSED HIS OPINION AS TO ONE OF THE ELEMENTS OF THE OFFENSE.
¶2 Pursuant to Rule 11.2(A), Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2019), this appeal was automatically assigned to the Accelerated Docket of this Court. Oral argument was held January 17, 2019, pursuant to Rule 11.2(E). At the conclusion of oral argument, the Court took its decision under advisement. After a review of the record before this Court and hearing oral argument, we find the record does not support A.O.'s Propositions I and III but pursuant to Proposition II, A.O. is entitled to relief.
¶3 The District Court order adjudicating A.O. delinquent for Child Sexual Abuse, in violation of 21 O.S.Supp.2014, § 843.5(E), is REVERSED . This matter is REMANDED to the District Court of McIntosh County for entry of an order MODIFYING A.O.'s adjudication order to reflect that A.O. is adjudicated delinquent for one count of Assault and Battery, in violation of 21 O.S.Supp.2014, § 644, and as so modified, the adjudication is AFFIRMED .
¶4 In his first proposition, A.O. argues reversal of his adjudication is required because the record is silent regarding whether he was informed of, or waived, his right to a jury trial. See 10A O.S.2011, § 2-2-401. This Court recently addressed this issue in G.W. v. State and eliminated the requirement that a waiver of the right to a jury trial be made affirmatively in the record. 2018 OK CR 36, ¶ 9, 433 P.3d 1283, 1286. Regardless, the record in this case is clear that A.O. and his guardian were both informed of his right to a *1181 jury trial and the right was waived.[2] Proposition I is without merit.
¶5 A.O. maintains in Proposition III that he is entitled to relief because the prosecutor allegedly stated his opinion during the non-jury trial that A.O. was guilty. The prosecutor's comment A.O. complains of in this proposition occurred during the State's argument in response to A.O.'s demur to the evidence.[3] A.O. complains of the State's following statement: "And, I mean, again I'm from the Country, but to me that's expressing lust or lewdness ." (emphasis added).
¶6 A.O. relies on Evans v. State and United States v. Young to support his argument that a prosecutor expressing his opinion that the evidence presented established an element of the crime in this case is plain error and requires reversal. See United States v. Young, 470 U.S. 1, 18-19, 105 S. Ct 1038, 1048, 84 L. Ed. 2d 1, 14 (1985) ; Evans v. State , 1976 OK CR 38, ¶ 3, 546 P.2d 284, 285. The objectionable comments made in both Evans and Young were made by prosecutors to a jury during closing remarks. In this case the comments were made by the State in a non-jury trial during its response to A.O.'s demur. Both Evans and Young indicate that the effect of a prosecutor's allegedly prejudicial comment may be outweighed by the sufficiency of the evidence. Young, 470 U.S. at 18-19, 105 S.Ct. 1038 ; Evans , 1976 OK CR 38, ¶ 3, 546 P.2d 284. The evidence in this case was more than sufficient to overcome any concern that Judge Martin's ruling was prejudiced by this remark. It is also important, according to both cases, that the State's comment "but to me that's expressing lust or lewdness " is clearly relying and commenting on the evidence (victim's testimony) presented at this non-jury trial. This comment did not deprive A.O. of a fair trial. See Patton v. State , 1998 OK CR 66, ¶ 126, 973 P.2d 270, 302. A.O.'s third proposition is without merit.
¶7 In Proposition II, A.O. objects to the trial court's failure to require the State to prove the elements of the underlying acts constituting Child Sexual Abuse. Appellant argues the State was not required to prove the correct elements.[4] A.O. was tried for one count of Child Sexual Abuse, in violation of 21 O.S.Supp.2014, § 843.5(E). Section 843.5(E) defines "Child Sexual Abuse" as "willful or malicious sexual abuse, which includes but is not limited to rape, incest, and lewd or indecent acts or proposals, of a child *1182 under eighteen (18) years of age by another." Appellee acknowledges that A.O.'s crimes in this case are lewd acts that would normally be prosecuted pursuant to 21 O.S.Supp.2017, § 1123, but for the age limitations found in Section 1123. Section 1123(A) requires an accused to be three years older than the victim of the lewd acts and Section 1123(B) only applies to victims of sexual battery that are sixteen years or older. 21 O.S.Supp.2017, § 1123(A), (B). According to A.O., the Oklahoma Legislature did not intend Section 843.5(E) to allow prosecutors to circumvent the age restrictions found in Section 1123. We agree.
¶8 Judge Martin erred when he did not require the State to prove each element of the underlying crime, including the age requirements, in addition to the elements of 21 O.S.Supp.2014, § 843.5(E). As a result, the trial court was able to find A.O. guilty of Child Sexual Abuse without properly considering the elements of the underlying lewd acts. A.O. was originally charged with Sexual Battery pursuant to Section 1123(B). By its own admission, the State only pursued adjudication pursuant to Section 843.5(E) after determining it was unable to prove the necessary elements of Subsections A or B of Section 1123 due to A.O.'s and the victim's ages.
¶9 We find that in order to convict an individual pursuant to 21 O.S.Supp.2014, § 843.5(E) the State must prove the elements of the underlying crime beyond a reasonable doubt. To find otherwise would chance rendering Section 843.5(E) unconstitutional for over-breadth and vagueness. Papachristou v. City of Jacksonville , 405 U.S. 156, 162, 92 S. Ct. 839, 843, 31 L. Ed. 2d 110 (1972) (a person of ordinary intelligence must have fair notice what conduct is forbidden by a statute); Switzer v. City of Tulsa , 1979 OK CR 73, ¶ 4, 598 P.2d 247, 248.
¶10 In Huskey v. State , 1999 OK CR 3, 989 P.2d 1, this Court considered whether the trial court erred by failing to instruct on all of the elements of the underlying sexual abuse crime of Lewd Molestation.[5] The trial court created its own jury instruction in Huskey . It gave an instruction that included the standard OUJI instruction elements for Child Sexual Abuse and for Lewd Molestation, except that the elements of Lewd Molestation were modified by removing one element.[6] On appeal Huskey argued that the trial court erred when it did not instruct on each element of the underlying crime of Lewd Molestation pursuant to 21 O.S.1991, § 1123(A). This Court denied Huskey's claim determining it was not necessary in a Child Sexual Abuse case to give an instruction including, nor to prove, every element of the underlying crime of Lewd Molestation. Huskey , 1999 OK CR 3, ¶¶ 8-10, 989 P.2d 1. To the extent it is inconsistent with this opinion, Huskey is overruled.
¶11 The evidence in this case is uncontroverted that A.O. touched the victim without permission. "A battery is any willful and unlawful use of force or violence upon the person of another." 21 O.S.2011, § 642. While the evidence is insufficient to support an adjudication for Child Sexual Abuse, the evidence is more than sufficient to support an adjudication for simple battery. Id.
DECISION
¶12 It is therefore the order of this Court that the McIntosh County District Court order adjudicating A.O. delinquent for Child Sexual Abuse, in violation of 21 O.S.Supp.2014, § 843.5(E), is REVERSED . This matter is REMANDED to the District Court of McIntosh County for entry of an order modifying A.O.'s adjudication order. The adjudication order shall be MODIFIED to reflect that A.O. is adjudicated delinquent for one count of Assault and Battery, in violation of 21 O.S.2011, § 644. As so modified, the adjudication is AFFIRMED . The child is REMANDED to the jurisdiction of the District Court of McIntosh County for the entry of a disposition order.
*1183 10A O.S.Supp.2018, § 2-2-501 ; 10A O.S.2011, § 2-2-601. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2019), the MANDATE is ORDERED issued upon the filing of this decision.
KUEHN, V.P.J.: Dissent
LUMPKIN, J.: Specially Concur
HUDSON, J.: Specially Concur
ROWLAND, J.: Concur
HUDSON, J., SPECIALLY CONCUR:
¶1 I concur in today's Opinion. I write separately to expand on the Court's holding that to convict an individual of child sexual abuse pursuant to § 843.5(E), the State must prove the elements of the underlying crime beyond a reasonable doubt. See Notes on Use, Inst. No. 4-39, OUJI-CR(2d) ("The trial court should give a separate instruction on the elements of the particular sexual abuse or sexual exploitation that has been alleged."). See also Day v. State, 2013 OK CR 8, ¶ 14, 303 P.3d 291, 298 ("Trial courts should use the uniform jury instructions if they state the applicable law."); Lewis v. State , F-2017-355, slip op. at 8 (Okl.Cr. May 24, 2018) (Hudson, J., Concurring in Results) (not for publication) (deviation from prescribed language of the uniform instructions for Child Sexual Abuse resulted in an omission in the statutorily mandated elements). In reaching this determination, we are mindful that the manner in which we interpret § 843.5(E) can have a ripple effect that may alter or impact the legislatively intended application of other statutory sex crimes. We determine the Legislature's intentions by looking "to each part of the statute, to other statutes upon the same or relative subjects , to the evils and mischiefs to be remedied, and to the natural or absurd consequences of any particular interpretation." State v. Stice , 2012 OK CR 14, ¶ 11, 288 P.3d 247, 250 (quoting Lozoya v. State, 1996 OK CR 55, ¶ 20, 932 P.2d 22, 28 ) (emphasis added). See also State v. Cooper , 2018 OK CR 40, ¶ 11, 434 P.3d 951, 954.
¶2 In the present case, we are called upon to reconcile § 843.5(E) with 21 O.S.Supp.2017, § 1123, specifically the age restrictions imposed by the Legislature on the crimes of lewd molestation and sexual battery. As acknowledged by the State, the crime of lewd molestation requires the accused be "at least three (3) years older than the victim, except when accomplished by the use of force or fear." 21 O.S.Supp.2017, § 1123(A). Sexual battery mandates that the victim be "sixteen (16) years of age or older[.]" 21 O.S.Supp.2017, § 1123(B). We must presume the Legislature did not embed these age restrictions in vain. State v. Dist. Court of Oklahoma Cty. , 2007 OK CR 3, ¶ 17, 154 P.3d 84, 87 ("This Court will not presume the Legislature to have done a vain thing."). Thus, construing the crime of child sexual abuse as a separate and distinct crime from any other sex offense fails to give intelligent effect to each § 843.5(E) and § 1123(A) and (B). Moss v. Okla. Dept. of Corr. , 2016 OK CR 23, ¶ 18, 403 P.3d 379, 383 ("Statutes are to be construed to determine the intent of the Legislature, reconciling provisions, rendering them consistent and giving intelligent effect to each .") (emphasis added). Such an interpretation would effectively morph 21 O.S. 843.5(E) into a super-crime, permitting the State to circumvent the Legislature's clear intent and thus risk rendering the statute constitutionally over-broad and void for vagueness. See Saldivar v. State, F-2016-482, slip op. at 7 n.3 (Okl.Cr. May 24, 2018) (not for publication).
¶3 While the dissent recognizes this Court's obligation to defer to the Legislature and begin with the presumption that statutes are constitutional, the dissent neglects our "duty to construe statutes in a manner which does not run afoul of the constitution[,]" and our "duty to liberally construe statutes 'with a view to effect their objects and to promote justice.' " Gonseth v. State , 1994 OK CR 9, ¶ 8, 871 P.2d 51, 54. Moreover-
If two possible interpretations of a statute are possible, only one of which would render it unconstitutional, a court is bound to give the statute an interpretation that will render it constitutional, unless constitutional infirmity is shown beyond a reasonable doubt. A court is bound to accept an interpretation that avoids constitutional doubt as to the legality of a legislative enactment.
*1184 Braitsch v. City of Tulsa , 2018 OK 100, ¶ 2, 436 P.3d 14, 17 (internal citations omitted).
¶4 The majority's reconciliation of § 843.5(E) with other statutory sex crimes does not, as the dissent contends, impermissibly "add language to the statute creating new elements." Notably, specific statutory reference to preexisting delineated sex crimes is embedded within § 843.5(E), "which includes but is not limited to rape, incest, and lewd or indecent acts or proposals[.]" 21 O.S.Supp.2014, § 843.5(E). The majority's interpretation of § 843.5(E) rather gives proper credence to the Legislature's intentions by looking to each part of the statute, as well as other statutory sex crimes, and as mandated ultimately gives the statute an interpretation that renders it constitutional.
¶5 The OUJI Committee is to be commended for having the foresight to recognize the potential legal minefield presented in § 843.5(E) and adeptly drafting the needed instructions to ensure the constitutional application of this provision.
¶6 I am authorized to state that Judge Lumpkin joins in this special writing.

A.O. was born December 26, 2002. He was 14 years, 10 months, and 9 days old at the time of this incident. The victim was 13 years, 11 months, and 3 days old on the date of this incident.

A.O. and his guardian were informed of his right to a jury trial and waived this right in a hearing held on February 27, 2018. The February 27, 2018, hearing was unable to be transcribed and the State requested a hearing to memorialize the parties' recollections of what occurred. A hearing was held on December 18, 2018, and A.O.'s trial counsel testified A.O. was informed of his right to a jury trial, in the presence of his guardian, and that A.O. was adamant he did not want a jury trial. According to A.O.'s trial counsel A.O. specifically directed trial counsel to set this case for non-jury trial. The transcript of the December 18, 2018, hearing is more than sufficient pursuant to G.W. v. State , 2018 OK CR 36, ¶ 7, 433 P.3d 1283.

The comment appears at page 46 of the June 19, 2018, non-jury trial transcript.

Trial courts are required to use the uniform jury instructions unless the trial court determines that they do not accurately state the law based on statutory changes or intervening case law. See Order Adopting Amendments to Uniform Jury Instructions - Criminal , No. CCAD-96-2 (Okl.Cr. April 4, 1996); Bosse v. State , 2017 OK CR 10, ¶ 61, 400 P.3d 834, 856 ; 12 O.S.2011, § 577.2. Child Sexual Abuse is prohibited by 21 O.S.Supp.2014, § 843.5(E). The Oklahoma Uniform Jury Instruction (OUJI) for Child Sexual Abuse is OUJI-CR 4-39 and in this case would read as follows:
No person may be convicted of the sexual abuse of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, a person willfully or maliciously engaged in;
Second, lewd or indecent acts;
Third, with a child under the age of eighteen.
The alleged sexual abuse in this case was lewd or indecent acts which are prohibited by Section 1123(A). The OUJI for lewd acts is OUJI-CR 4-129 and in this case would read as follows:
No person may be convicted of lewd acts with a child under sixteen unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, the defendant knowingly and intentionally;
Second, touched or felt;
Third, the body;
Fourth, of a child under sixteen years of age;
Fifth, in any lewd or lascivious manner; and
Sixth, the defendant was at least three years older than the child.

The defendant in Huskey was convicted of Child Sexual Abuse pursuant to 10 O.S.Supp.1995, § 7115. In 2009, HB 2028 recodified the statute prohibiting Child Sexual Abuse as 21 O.S.Supp.2009, § 843.5.

At the time the OUJI for Lewd Molestation included a third element, force, which the trial court chose not to include in the modified instruction it gave the jury.